UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ES&H, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-cv-323 |
| ) | (Phillips) |
| ALLIED SAFETY CONSULTANTS, INC. and ) | |
| SHANE GREENWAY, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on defendant's Motion to Dismiss [Doc. 5]. For the reasons that follow, the motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiff ES&H, Inc. is a Tennessee corporation specializing in environmental, safety and health, and training services. Defendant Shane Greenway was a former employee of ES&H, initially hired as a Safety and Health Technician but later promoted to Safety and Health Manager.

-1-

In November 2004 or 2005,[1] Greenway left ES&H, created defendant corporation Allied Safety Consultants, Inc. "("Allied"), and began directly competing with ES&H.

Plaintiff alleges that when Greenway left ES&H, he misappropriated trade secrets and confidential and proprietary information to which he had gained access during his employment, including, for example, comprehensive customer lists, confidential pricing formulas, and marketing strategies. Accordingly, plaintiff has alleged violations of the Computer Fraud and Abuse Act ("CFAA") and the Tennessee Uniform Trade Secrets Act, as well as claims for the breach of the duty of loyalty, conversion and/or theft, and fraud. Plaintiff seeks damages, injunctive relief, and punitive damages.

Defendant moves to dismiss pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, for failure to state and lack of subject matter jurisdiction, respectively. Plaintiff has premised jurisdiction on a federal question, namely plaintiff's claim under the CFAA. Defendant argues that plaintiff has failed to state a claim thereunder; accordingly, defendant argues, once the court dismisses this claim, it lacks subject matter jurisdiction over plaintiff's remaining state-law claims and the action must be dismissed under Rule 12(b)(1).

The court will consider each motion in turn.

---

[1] There is some ambiguity in the complaint. The complaint alleges that defendant Greenway "was employed at ES&H ... until November 24, 2005," but that "[i]n early November 2004, Mr. Greenway advised ES&H that he planned to open his own business providing competitive services to ES&H." [Compl., Doc. 1, ¶ 5]. It seems unlikely that defendant would inform his employer that he intended to compete with it a full year before leaving; accordingly the court finds that one of these dates is likely a typographical error.

## II. ANALYSIS

### A. Rule 12(b)(6) Motion

*1. Standard of Review'*

When considering a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). To survive a motion to dismiss, "[a]lthough the factual allegations in a complaint need not be detailed, they 'must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief.' " *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) (quoting *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). This "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). In other words, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (inner citation omitted).

*2. Analysis*

The CFAA[2] provides a cause of action against an individual who, among other actionable violations, "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer." 18 U.S.C. § 1030(a)(2)(c). Generally, a civil claim under the statute must show that the defendant party assessed a computer or computer network either without authorization or in excess of authorized access. *See* 18 U.S.C. § 1030(a)(1)-(2).

There has been much litigation recently concerning whether an employee who was granted access to computers, yet in some manner misappropriates the information to which he had access, is civilly liable under the CFAA. Courts have struggled over how to interpret the provisions of the CFAA in this particular context, most notably because the statute does not define "authorization." The courts have struggled with whether a plaintiff has stated a cause of action solely by interpretation of the various provisions of the statute requiring that the access be "without authorization" or in excess of authorized access. These courts have split. One group of courts has supported a cause of action under the CFAA for cases such as the instant case, finding that once the employee breaches his duty of loyalty, he is "without authorization" or at least has exceeded authorized access. *E.g.*, *Int'l Airport Ctrs, L.L.C. v. Citrin*, 440 F.3d 418, 420 (7th Cir. 2006)

---

[2] The parties in this brief cite a former version of the statute at issue, despite an amended version of the CFAA having taken effect on September 26, 2008. *See* Identity Theft Enforcement and Restitution Act of 2008, Pub. L. No. 110-326, 122 Stat. 3560 (codified as amended at 18 U.S.C. § 1030). The court has not ordered rebriefing as the provisions placed in issue by the parties are substantially similar, albeit now codified in different provisions than cited by the parties.

-4-

(defendant's "authorization to access the laptop terminated when, having already engaged in misconduct and decided to quit [plaintiff's business] in violation of his employment contract, he resolved to destroy files that incriminated himself and other files that were also the property of his employer, in violation of the duty of loyalty that agency law imposes on an employee"). The other group of courts addressing the issue has outright dismissed this interpretation, holding that a person is "without authorization" only where the initial access is not permitted. *E.g.*, *Vurv Tech. LLC v. Kenexa Corp.*, 2009 WL 2171042, at *7-8 (N.D. Ga. July 20, 2009); *Ford v. Torres*, 2009 WL 537563, at *9 (E.D. Va. Mar. 3, 2009). Not surprisingly, plaintiff argues that the court should adopt the former view; defendant argues that the court should adopt the latter.

Other courts have not focused on this provision, instead finding that regardless of whether this conduct is "without authorization," a plaintiff's claims fail under other provisions of the statute. Pertinent to the instant action, in cases where the factor pleaded is "loss ... during any 1-year period ... aggregating at least $5,000 in value," some courts have focused solely on the statutory definition of "loss" to determine that lost business is not a cognizable loss under the statute. *E.g.*, *Nexans Wires S.A. v. Sark-USA, Inc.*, 166 F. App'x 559, 562-63 (2d Cir. 2006) (lost profits did not constitute "loss" as defined by 18 U.S.C. § 1030(e)(11) because the claimed loss did not involve an "interruption in service"; neither did travel expenses constitute a loss under the statute because the travel expenses were a cost incurred "investigating business losses unrelated to actual computers or computer services"); *Crown Coal & Coke Co. v. Compass Point Res., LLC*, 2009 WL 1806659, at *8 (W.D. Pa. June 23, 2009) (lost business "is not the type of 'loss' contemplated by the statute").

-5-

Finally, some courts have combined the two approaches. Most of these courts have found that misappropriations by former employees of this sort are within the purpose of the statute's recognition of "without authorization," and accordingly a plaintiff may be able in some cases to state a claim, but nevertheless finding a failure to state a claim because the "loss" pleaded is not of the sort contemplated by the statute. *E.g.*, *American Family Mut. Ins. v. Rickman,* 554 F.Supp.2d 766 (N.D.Ohio 2008). At least one court, however, has found the reverse. In a recent case where the defendant filed a counterclaim for plaintiff's deletion of thousands of files the day before he quit, the Eastern District of Louisiana held that "[d]efendant does have a viable claim for 'loss' to recover the cost incurred in assessing the damage done to his computer(s) and restoring deleted files." *Hoover v. Fla. Hydro, Inc.*, 2009 WL 231220, at *4 (E.D. La. July 31, 2009). The court, however, granted summary judgment in favor of plaintiff on the counterclaim because defendant's allegation was "unsupported by evidence of what specific files Plaintiff was not authorized to delete." *Id.* at *5. The Sixth Circuit has yet to address the issue. *See In re Black & Decker (U.S.) Inc.*, No. 08-0512 (6th Cir. Jan. 16, 2009) (denying plaintiff's petition for interlocutory appeal of the district court's order dismissing claims under the CFAA but noting that "the issue raised is one of first impression").

The court finds it need not parse through the complex issues presented regarding whether actions such as those allegedly committed by defendant constitute access "without authorization" under the statute. Regardless of whether a claim such as plaintiff's is cognizable as

such, nevertheless the action must fail because plaintiff has not pleaded the sort of "loss" contemplated by the statute.

Section 1030(g) confers a private cause of action on "[a]ny person who suffers damage or loss by reason of a violation of this section." 18 U.S.C. § 1030(g). Despite this language, the provision then restricts actions brought, specifying that "[a] civil action ... may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." *Id.* These factors were formerly codified at 18 U.S.C. § 1030(a)(5)(B)(i)-(v). Plaintiff has alleged that defendant's conduct involved the first factor, namely, "loss to 1 or more persons during any 1-year period ... aggregating at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I). Under the statute,

> the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

*Id.* § 1030(e)(11).

An examination of the complaint demonstrates that plaintiff has not pleaded the sort of "loss" contemplated by the statute and has accordingly failed to state a claim under 18 U.S.C. § 1030(g). Plaintiff alleges that it "has suffered damages as a result of [Allied] and Mr. Greenway's misappropriation of information and proprietary information." [Compl., Doc. 1 at ¶ 23]. Plaintiff has not alleged that it incurred any costs. Rather, the inference is that plaintiff has suffered lost

-7-

revenue and other like damages. But under the statute, lost revenue is only recoverable if it was incurred because of an "interruption in service." 18 U.S.C. § 1030(g). Plaintiff has not alleged any disruption in its service; to the contrary, plaintiff specifically alleges that its damages (presumably lost revenue) were due to the misappropriation. This is not recognized under the statute.

Other courts have supported this finding due to the plain language of the definition of "loss" under the statute. Even a cursory survey of recent cases shows broad support for this position. *E.g.*, *Nexans Wires S.A. v. Sark-USA,* Inc., 166 F. App'x 559, 562 (2d Cir. 2006) (lost profits did not constitute "loss" because not due to an "interruption in service"); *Crown Coal & Coke Co v. Compass Point Res., LLC*, 2009 WL 18056659, at *8 (W.D. Pa. June 23, 2009) ("This alleged loss of business opportunities is simply not compensable under the CFAA."); *SKF USA, Inc. v. Bjerkness*, ___ F. Supp. 2d, ___, 2009 WL 1108494, at *16 (N.D. Ill. Apr. 24, 2009) ("Purely economic harm unrelated to the computer systems is not covered by this definition."); *Cheney v. IPD Analytics, LLC*, 2009 WL 1298405 (S.D. Fla. Apr. 16, 2009) (finding defendants failed to state a claim on their counterclaim under the CFAA in part because a "[p]lain reading of the definition of 'loss' under the statute suggests that any 'loss' must be related to interruption of service"; and "the claim fails to allege that Analytics suffered any 'interruption of service'").

Accordingly, the court finds that plaintiff's allegation do not state a claim under 18 U.S.C. § 1030(g), specifically failing because plaintiff cannot satisfy the requirements of 18 U.S.C. § (c)(4)(A)(i)(I). Importantly, "the factual allegations in a complaint ... must do more than create

speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *Lambert v. Hartman*, 517 F.3d 443, 439 (6th Cir. 2008) (quotation omitted). Here, plaintiff has failed to do so. The court therefore finds defendant's motion to dismiss to be well-taken with regard to Count One of the complaint, namely plaintiff's claim under the CFAA.

### B. Rule 12(b)(1) Motion

The court has dismissed the federal claim in this action, the only basis for its original subject-matter jurisdiction under 28 U.S.C. § 1331. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it was original jurisdiction. Therefore, pursuant to 28 U.S.C. §1367(c)(3), all state causes of action under the Tennessee Uniform Trade Secrets Act, for breach of the duty of loyalty, conversion and/or theft, and fraud are dismissed, but without prejudice to refiling the same in an appropriate state court.

**ENTER:**

    s/ Thomas W. Phillips
United States District Judge